IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FRANKIE LEE DANIELS,

    Plaintiff,

vs.                                          4:05CV225-MMP/AK

SHERIFF KEN FORTUNE, et al,

    Defendants .

_____/

## O R D E R

This cause is before the court upon Plaintiff's filing of a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and an application for leave to proceed *in forma pauperis* (IFP). (Doc. 2). Leave to so proceed has been granted in a separate order. (Doc. 3).

From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted. Consequently, the Clerk will mail to him another civil rights complaint that Plaintiff must complete in its entirety. He does not need to file any service copies of the complaint at this time.

Plaintiff complains of a variety of difficulties at the Jefferson County Jail, but does not specify what each Defendant did or did not do with regard to the vague claims he asserts. He appears to be claiming denial of exercise and sanitation because he was not allowed outdoor recreation and only one shower a week, but he must clearly state who denied him these things. Although Plaintiff claims to have suffered a denial of his equal protection rights, he has made no claim whatsoever that he was discriminated against because he was in some protected class of persons. Thus, to prevail on an equal protection claim, a prisoner must demonstrate that he is similarly situated to other inmates who were treated more favorably, and that his discriminatory treatment was based on some constitutionally protected interest. Jones v. Ray, 279 f.3d 944, 947 (11th Cir. 2001). Plaintiff must set forth facts which show that Defendant discriminated against him on the basis of "race, religion, national origin, poverty or some other constitutionally protected interest." Damiano v. Florida Parole and Probation Comm., 785 F.2d 929, 932-33 (11th Cir. 1986). Plaintiff has asserted no such facts and this claim should be deleted from an amended complaint.

Further, most jails in Florida have some type of grievance procedure. Plaintiff alleges that he utilized these procedures, but failed to attach copies of any of these efforts. Section 1997e(a) provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory, and may not be waived. Alexander v. Hawk, 159

F.3d 1321, 1326 (11th Cir. 1998).  Plaintiff shall attach copies of his efforts to exhaust these complaints to his amended complaint.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation.  In civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **August 27, 2005.**

3. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this 27th day of July, 2005.

    ____s/A Kornblum_____
    **ALLAN KORNBLUM**
    **UNITED STATES MAGISTRATE JUDGE**